# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID ROCKEFELLER,<br><br>            Plaintiff,<br><br>    v.<br><br>COMCAST, COKILIAR SMITH, JAMES SCARBROUGH, SHAWN WIGGINS, and CATHY BROWN,<br><br>            Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 17-cv-8682 (JBS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, District Judge:**

    1. On October 18, 2017, Plaintiff David Rockefeller filed this Complaint[1] against Comcast and four of its employees (Cokiliar Smith, James Scarbrough, Shawn Wiggins, and Cathy Brown). He later submitted an application to proceed *in forma pauperis* dated November 6, 2017. The Court has reviewed the plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1). Based upon the financial information in Mr. Rockefeller's application to proceed without prepaying fees or costs, Mr. Rockefeller qualifies to proceed without prepayment of fees, and his application to do so will be GRANTED.

---

[1] Plaintiff subsequently filed a Complaint captioned <u>Rockefeller v. Scarbrough</u>, 18-cv-9588 (JBS), which is screened and addressed in a separate Opinion and Order of today's date.

2. When a Plaintiff is granted leave to proceed *in forma pauperis*, the Court is required to pre-screen this Complaint pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court is also required to dismiss any complaint if it appears that subject matter jurisdiction is lacking, see Rule 12(h)(3) ["if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."]

3. For purposes of this preliminary review, the Court will assume that all of the allegations in Mr. Rockefeller's Complaint are true. The Court makes no findings, however, as to the truthfulness of these allegations. Mr. Rockefeller alleges that this is a contract case in which he receives services from Comcast, with which he has a billing dispute. He alleges that "Comcast/Xfinity stole $100.00. I have proof. Look at Bill dated 7/1/2017 -- they took off and added back $112." The Complaint alleges Defendant James Scarbrough "mislead the FCC making me to be a fool and Cokiliar Smith promised to help. She and Mr. Scarbrough will mislead court 100%." He attaches a copy of the disputed Comcast bill (Docket Item 1-1, pages 11-15), and he alleges Defendants have harassed and threatened him about

this service or billing dispute.  Plaintiff seeks damages of $10,000 according to his Civil Cover Sheet, § VII.

    4.   Mr. Rockefeller asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as Mr. Rockefeller is a citizen of New Jersey, and he alleges that the four individual defendants are in Delaware and that Comcast is headquartered in Pennsylvania.

    5.   It is not sufficient that plaintiff and defendants be citizens of different states.  It is also a requirement of diversity jurisdiction that at least $75,000 be in dispute.  28 U.S.C. § 1332(a).  In this contract case, Mr. Rockefeller alleges a monetary dispute for $100 and personal computer repairs.  The Complaint also alleges that Mr. Rockefeller lost his job working from home and sustained unspecified medical bills.  Regarding Mr. Rockefeller's job from his home for which he has lost some hours of work due to Comcast's failure to install his equipment properly, the Complaint provides no information about what sort of work this was or what his hourly income from his self-employment is.  Mr. Rockefeller's application to proceed *in forma pauperis* dated November 6, 2017, however, lists no income other than "retirement" which provides a monthly income, and does not claim any employment or self-employment income for the past two years in Part 2 of the Application.  This would mean that, during the two years prior

to filing the application in November of 2017, Mr. Rockefeller has had no self-employment income.  The events giving rise to this lawsuit, however, did not occur until the dates indicated in the Complaint, July 1, 2017 and September 25, 2017.  [Compl., Parts III. A and B.]  The facts in his own papers negate his generalized claim of lost self-employment income.  In any event, he seeks damages of $10,000, as noted.

6.   Where a party alleges $75,000 in dispute but provides no basis for such a recovery in the Complaint and accompanying papers, a court may dismiss for lack of meeting the "amount-in-controversy" threshold.  The court in such a situation must determine, "from the face of the pleadings, [if] it is apparent, to a legal certainty, that the plaintiff cannot recover the 'minimum jurisdictional' amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount...."  St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938).  To determine the amount-in-controversy, and whether it is "legally certain" that the plaintiff could not recover at least $75,000, a value must be placed on the relief sought.  See Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 398-400 (3d Cir. 2004).  In the present case, if the plaintiff is successful, the maximum amount of his recovery, based upon the allegations in the Complaint, would be equivalent to the disputed sum of $100,

unspecified repairs to his computer, and lost wages of zero. The Court is aware of no theory of New Jersey law under which a plaintiff can receive compensation for taking medicine due to a breach of contract.  Generally, in a breach of contract action under New Jersey law, the plaintiff's recovery is limited to the value of the contractual services and not additional compensation for emotional harm and aggravation caused by the breach of the contract.

    7.   It appears to a legal certainty, based upon the above facts, assuming them to be true, that the value of plaintiff's recovery in this contract case could never meet the $75,000 threshold required for federal court jurisdiction.  Nothing prevents plaintiff from filing this case in a court of competent jurisdiction, such as the Small Claims Court of the Superior Court of New Jersey, but this federal court lacks jurisdiction to entertain the case.

    8.   Accordingly, the accompanying Order will be entered granting leave to file *in forma pauperis*, directing the Clerk to file the Complaint upon the docket, and dismissing the Complaint without prejudice to Mr. Rockefeller's right to refile a suit in a court of competent jurisdiction.

    9.   Because Mr. Rockefeller is proceeding *pro se*, he will be given one opportunity, if he chooses to do so, to seek to amend the Complaint to cure these jurisdictional deficiencies.

If Mr. Rockefeller, despite this dismissal, seeks to maintain this case in federal court, he may file a motion to amend the Complaint, attaching a proposed Amended Complaint, and explaining how the amendment would cure the jurisdictional deficiency regarding the $75,000 amount-in-controversy. Any such motion to amend the Complaint must be filed within 30 days.


**June 22, 2018**                                             **s/ Jerome B. Simandle**
Date                                                                 JEROME B. SIMANDLE
                                                                        U.S. District Judge